IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ABDUS SHAHID                          :        CIVIL ACTION
                                      :
        v.                            :
                                      :
BOROUGH OF DARBY                      :        No. 11-CV-2772


MEMORANDUM OPINION

Ditter, J.                                          September 18, 2013

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by plaintiff,
Abdus Shahid, a citizen of the United States who was born in Bangladesh.  Shahid claims
the Borough of Darby discriminated against him based on his race, color and national
origin by refusing to grant the permits necessary for Shahid to rent units in his non-
residential warehouse.  He claims Borough representatives made various statements to
him and others that the Borough would not allow Shahid to do business in the area
because he was from a foreign country and they only wanted African-Americans to do
business in the Borough.  He claims this is evidence that the Borough had a policy and/or
custom of discrimination based on race, color and national origin.

A non-jury trial was held on Monday, September 16, 2013, during which testimony
was received from Shahid, Borough Council President Janice Davis, Borough Manager
Mark Possenti, and former Chief Code Officer Joseph Nerelli  At the conclusion of the

trial, I took this matter under advisement.  This memorandum sets forth my decision in favor of the defendant and the specific findings of fact and conclusions of law that support this decision.

A.  Findings of Fact

1.  Plaintiff Abdus Shahid is a naturalized citizen of the United States of America and a native of Bangladesh.

2.  Shahid's case is entirely dependant on his credibility and I find him not credible.  I make this finding based on my observations of him during trial, the substance of his testimony at trial, and my conclusion that the invoice he produced during discovery in this case and the invoices he produced during discovery in *Shahid v. Borough of Eddystone*, No. 11-CV-2501) are fraudulent.  Where the testimony of Shahid differs from the testimony of the defendant's witnesses, I have credited the testimony of the defendant's witnesses.

3.  On January 26, 2006, Shahid purchased a non-residential warehouse located at 850 Summit Street, in the Borough of Darby, Commonwealth of Pennsylvania.  The property has ten separate rental units and is located across the street from the Borough office.  At the time of purchase, Shahid was a resident of New York and he remains a resident of New York.

4.  When Shahid purchased the warehouse one unit was occupied.  Since Shahid purchased the warehouse, three units have been occupied – but not always the same three

units and not always by the same tenants.

5.  Borough Ordinance No. 118.5 provides as follows:

No building may be occupied for a nonresidential use by a person unless the owner or tenant thereof shall first have applied for and received a nonresidential occupancy permit application from the Code Official.  The application for such occupancy permit shall be submitted to the Department of Code Enforcement with the appropriate fee not later than the Friday before the regularly scheduled monthly committee meeting of Borough Council, at which time the applicant is required to attend in order to discuss the application with Council.  Said application will then be voted on at the next scheduled Council meeting.

6.  Since purchasing the property, Shahid has, on several occasions, allowed persons to conduct business in the warehouse without a non-residential occupancy ("NRO") certificate, in violation of Borough Ordinance No. 118.5.

7.  Joseph Nerelli (a Caucasian) was the Borough's Chief Code Enforcement Officer and a member of the Borough Ordinance Committee from January, 2006, through August, 2011. The Borough Ordinance Committee conducts an initial review of NRO applications and then sends them to the Borough Council for further action.

8.  Mark Possenti (a Caucasian) is the Borough Manager and served in that capacity at all times relevant to this action.  He supervises the Chief Code Enforcement Officer.

9.  Janice Davis (an African-American) is the Borough Council President and served in that capacity at all times relevant to this action.

10.  In an "Official Notice" signed by Nerelli in his capacity as Chief Code

Enforcement Officer and dated February 28, 2008, Shahid was informed of safety concerns the Borough had with his warehouse.  Shahid was put on notice that vehicles were parked on his property and looked as though they were in the process of having bodywork done, that a large silver trailer on the lot needed to be removed, and that a company was storing plastic food containers at the site.  There were no NRO certificates on file with the Borough that authorized these activities.

11.  Nerelli issued five citations against Shahid for violations of Borough sanitation ordinances existing at the warehouse in April and May, 2008.  These citations concerned the removal of the trailer from the lot and were issued for each day the trailer remained on the lot after Shahid was notified to remove it.  On September 17, 2008, Shahid was convicted by a district justice of all violations.

12.  Nerelli issued thirteen citations against Shahid for violations of Ordinance No. 118.5 that occurred at the warehouse in April 2009.  These citations all concerned a tenant at the warehouse that did not have an NRO certificate and was notified to vacate the property.  Shahid was cited for each day the tenant remained at the property.  On September 10, 2009, Shahid was convicted by a district justice of all violations.

13.  Nerelli issued one citation to Shahid for failing to remove snow in February 2011.  On July 19, 2011, he was convicted by a district justice of this violation.

14.  Nerelli issued four citations against Shahid for violations for failing to remove trash from the loading dock area of the warehouse in February and March, 2011.  These

-4-

citations all involved dirt and debris left on the site after a tenant, Darrell Coleman, was evicted from the property by Shahid.  He was cited for each day the dirt and debris remained on the property.  On July 19, 2011, he was convicted by a district justice of all violations.

15.  Darrell Coleman was a tenant of Shahid who operated a model car race track at the warehouse for some period of time in 2009 but was notified in 2010 that Shahid intended to terminate his lease for non-payment of rent.  Nonetheless, at some point after the termination notice, Coleman's NRO certificate was approved by the Borough Council.[1]  Coleman was later evicted by order of a district justice.  Coleman prevailed on a counterclaim against Shahid resulting in his paying some amount of money to Coleman. These vague facts constitute part of Shahid's claim that the Borough discriminated against him – this time not by denying a potential tenant an NRO certificate, but instead by approving one for a bad tenant.  There was no credible evidence to support any claim of discrimination.

16.  Nerelli never made any discriminatory comments about Shahid's race, color, or national origin and never considered his race, color, or national origin when enforcing Borough ordinances or making other decisions with respect to Shahid's warehouse nor did he know of any other Borough employee who did so.

17.  Possenti never made any discriminatory comments about Shahid's race, color,

---

[1] There was no evidence that the Borough knew of Shahid's intent to terminate the lease at the time the NRO certificate was approved.

or national origin and never considered his race, color, or national origin when making decisions with respect to Shahid's warehouse, nor did he know of any other Borough employee who did so.

18.  Davis never made any discriminatory comments about Shahid's race, color, or national origin and never considered his race, color, or national origin when making decisions with respect to Shahid's warehouse nor did she know of any other Borough employee who did so.

19.  No Borough official or employee ever made any discriminatory comments about Shahid's race, color, or national origin and never considered his race, color, or national origin when enforcing Borough ordinances or making other decisions with respect to Shahid's warehouse.

20.  There was no credible evidence that Shahid or any of his potential tenants were denied NRO certificates because of his race, color, or national origin.

21.  The Borough of Darby never subjected Shahid to any type of unlawful discrimination and did not and does not have any policy or custom of unlawful discrimination based on race, color, or national origin.

22.  The Borough of Darby did not and does not have any policy or custom of allowing only African-Americans to do business and make a profit in the Borough.

23.  Shahid's allegations of discrimination are not supported by the evidence.

B.  Conclusions of Law

1.  This action is brought against a government entity for alleged constitutional violations pursuant to 42 U.S.C. § 1983.  I have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2.  Shahid claims the Borough of Darby violated his Fourteenth Amendment right to equal protection by denying his non-residential occupancy permits because of his race, color, and national origin.  To prevail, Shahid must prove by a preponderance of the evidence that the Borough itself, through the implementation of municipal policy or custom, caused the underlying constitutional violation.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978).

3.  When a §1983 claim is brought against a municipality, I must consider two issues:  1) whether the plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992).  Because a municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability, I must first determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  If there is no causal link, the municipality is not liable even if plaintiff's constitutional rights have been violated.  *Collins*, 503 U.S. at 122.

4.  Shahid has failed to present any credible evidence that he suffered harm as the

result of any constitutional violation, thus, there can be no municipal liability.

     5.  Judgment must be entered in favor of the Defendant, Borough of Darby and against Plaintiff, Abdus Shahid.

     An appropriate order follows.